COLUMBIA.

CRAWFORD
v.
GRUBBS.

## IN COLUMBIA SUPERIOR COURT.

SIMMONS CRAWFORD, Administrator of JESSE WINFREY *vs.* HEZEKIAH GRUBBS.

### *Assumpsit.*

In the two cases immediately preceding, it is laid down: That "If A. contracts a debt with B. as the administrator of C. and is sued for the same, he cannot plead as a set-off a debt due to him from the intestate:"

The case is a different one where the debt sued on was originally due to the intestate instead of his administrator; for then the debts are mutual and of course may be set-off.

There is nothing in the 5th sec. of the act of 1799, which ought to operate against this view of the subject; nothing which by *fair* construction will deprive any one of a legal defence, acquired without fraud, and subsisting at the death of his creditor. Prin. Dig. 160-1.

THIS case comes before the court in the same manner as the two preceding cases, but is accompanied by a statement of facts which presents other and different questions for its consideration.

It is admitted that the notes sued on were transferred by Thomas Colvard, administrator of James C. Walker nearly six years after due, and that at the death of Walker, he held these notes, but was at the same time indebted to defendant the sum now set off, then in notes since carried to judgment. The debts are therefore mutual, and the defendant is entitled to the benefit of the plea, if there be nothing in the order of court directing the transfer, or in the 5th sec. of the act of the 18th Feb. 1799, for the better protection of the estates of orphans upon which plaintiff relies to deprive him of it. The order of court cannot conclude the rights of the defendant, unless it be considered the judgment of the court upon the point of this defence, and unless he were a party to the judgment. By reference to the record, it does not appear that the matter of the defence has ever been adjudged by the court, or that the defendant was either a party to or cognizant of the proceedings under which the order was passed. The plaintiff had obtained a general decree in Equity against certain persons among whom was Colvard, administrator of Walker, who had been executor of the will of Jesse Winfrey, and received money as such executor, for which he had not accounted. Subsequently an order was made requiring Colvard to deliver to the plaintiff in part payment of the sum decreed against him, certain notes admitted to be in his hands, and held as the property of Walker his intestate, among which were the notes under consideration. Between the plaintiff and Colvard the order may be considered conclusive. The delivery of the notes under it was a performance of the decree by Colvard *pro tanto ;* and the order was probably intended as an authority for the plaintiff to receive them, and his justification for so doing, should they prove unproductive. This is the whole effect of the order, and as far as appears, its whole design. It never could have been intended to deprive the makers of the notes embraced in it of any legal right.

But it is contended that though their rights may not be concluded by the order of court, they must be postponed

in favor of the claims of plaintiff by force of the 5th sec. of the act above referred to.

This act, which gives priority to the class of debts there mentioned, should be liberally construed so as not to be directory alone to the representatives of defaulting executors, administrators and guardians, of the order in which debts are to be paid by them, but as creating an equitable lien on the estates of such executors, administrators, and guardians superior to every other. The construction insisted on, however, goes farther. It not only creates such lien, but takes away from him who may have had dealings with executors, administrators, and guardians, who may prove defaulters, all defence, and leaves him at the mercy of their representatives, or of those entitled to the estates they may have wasted. This is not believed to be a fair construction of the act. There is nothing either in its letter or spirit which can warrant a construction that will deprive any one of a legal defence, acquired without fraud, and subsisting at the death of his creditor.

The opinion of the court being in favor of this plea, it is ordered that judgment be entered accordingly.